IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                      )<br>      Plaintiff,                              )<br>                                                      )<br>v.                                                 )<br>                                                      )<br>JON JON SCOTT WILSON,         )<br>                                                      )<br>      Defendant.                         ) | Case No. CR-23-420-D<br>Case No. CV-25-179-D |

### ORDER

Before the Court are Defendant's (1) Motion to Dismiss the Indictment of 18 U.S.C. § 922(g)(1) and Motion for Ineffective Assistance of Counsel [Doc. No. 40]; and (2) Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 41].

In an order dated February 13, 2025, the Court construed the former motion as part of the latter and ordered the government to respond [Doc. No. 42]. The government responded [Doc. No. 43], and Defendant filed a reply [Doc. No. 46]. The resulting single motion is fully briefed and ready for consideration.

### Background

On April 1, 2024, Defendant pled guilty to being a Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 108 months' imprisonment.

In the motion, Defendant argues that he received ineffective assistance of counsel because his attorney failed to challenge the constitutionality of § 922(g)(1) or advise him

1

to advance a constitutional challenge on direct appeal.[1]

## Standard of Decision

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States … or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant is entitled to an evidentiary hearing on his claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

To establish ineffective assistance of counsel, Defendant must demonstrate both that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016). "An insufficient showing on either element is fatal to an ineffective-assistance claim, rendering consideration of the other element unnecessary." *Id*.

In assessing the performance prong of an ineffective assistance claim, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 669 (1984). To prove deficient performance, a defendant must demonstrate that his counsel's performance "fell below an objective standard of reasonableness." *Id*. Under this standard, a lawyer's conduct must have been "completely unreasonable, not merely wrong." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (quoting *Hooks v. Workman*, 606 F.3d 715,

---

[1] As an element of these arguments, Defendant asserts that his attorney was infected with personal bias "because he was a[n] [e]x police officer."

723 (10th Cir. 2010)). To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.[2]

## Discussion

Defendant's arguments are premised on the theory that *N.Y. Sate Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) provided a path by which an effective attorney could have challenged the constitutionality of 18 U.S.C. § 922(g)(1).

At the time of Defendant's sentencing, and post-*Bruen*, the Tenth Circuit had "squarely upheld the constitutionality of the ban on felons' possession of firearms [and ammunition]." *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023) ("*Vincent I*") (relying on *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) ("The Supreme Court [has] explicitly stated … that 'nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'" (citing *D.C. v. Heller*, 554 U.S. 570 (2008))).

Furthermore, nothing in *Bruen's* wake, as elucidated after Defendant's sentencing, alters this outcome. For example, in *Vincent v. Bondi*, 127 F.4th 1263, 1266 (10th Cir. 2025)

---

[2] In addition to advancing a habeas petition, Defendant seeks dismissal of his indictment.

It is unclear, however, what legal theory Defendant relies on to do so. The Court construes Defendant's petition liberally, and therefore understands his collateral attack to rely on § 2255.

3

("*Vincent II*"), the Circuit Court readopted its decision in *Vincent I* and specifically "upheld the constitutionality of § 922(g)(1) for all individuals convicted of felonies."

In his reply to the government's response, Defendant argues that the *Vincent* line of cases is both legally wrong and factually distinguishable. Legally, Defendant asserts that the Tenth Circuit failed to appropriately understand both *Bruen* and *United States v. Rahimi*, 602 U.S. 680 (2024). According to Defendant, instead of engaging in the historical analysis required by *Bruen*, the Circuit Court wrongly "focused on whether anything in *Bruen* cast[ed] doubt on *Heller's* [permissive] language" toward governmental regulation of firearms by felons. Defendant therefore believes the Circuit Court misunderstood *Rahimi*, which continued to require a historical analysis.

This Court has no need to address Defendant's legal argument. *Vincent II* was decided after *Rahimi*, addressed *Rahimi*, and ultimately readopted *Vincent I*. This Court is bound to "follow the precedent of this circuit[.]" *United States v. Spedalieri*, 910 F.2d 707, 709 N.2 (10th Cir. 1990).

Moreover, the Court disagrees with Defendant. In *Vincent I*, 127 F.4th at 1255, the Circuit Court held that the Supreme Court in *Bruen* "[already] considered the text and historical origins of the Second Amendment[]" and still concluded that "nothing in its opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Vincent I*, 80 F.4th at 1201, *cert. granted, judgment vacated*, 144 S. Ct. 2708 (2024), and *adhered to sub nom. Vincent II*, 127 F.4th at 1266; *see also Vincent II*, 127 F.4th at 1255-56 ("One district court in our circuit ruled that *Rahimi* had

4

overturned *McCane*, relying on the absence of a historical inquiry … [but we] conclude that *McCane* remains binding.").

Defendant also argues that his case is factually distinguishable from *Vincent II*. *Vincent II*, however, "upheld the constitutionality of § 922(g)(1) *without drawing constitutional distinctions based on the type of felony involved*." *Vincent II*, 127 F.4th at 1266 (emphasis added). Put simply, whether Defendant's case is distinguishable from the fact pattern in the *Vincent* cases does not matter. District courts need not engage in "an individualized inquiry concerning felons" when applying § 922(g)(1). *Vincent II*, 127 F.4th at 1266.

## Conclusion

Because *Bruen* did not provide a viable path to challenge the constitutionality of § 922(g)(1), Defendant has failed to show that his counsel's performance was deficient or that, "but for [his] counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Defendant's claim under § 2255 must therefore be denied. Furthermore, because the motion, files, and records of the case conclusively show that Defendant is not entitled to relief, an evidentiary hearing is not warranted.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must also issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the Court finds that the requisite standard is not met in this case. Section 922(g)(1)'s constitutionality has been unequivocally decided—*see supra* Discussion. Therefore, granting a COA is inappropriate in this case.

**IT IS THEREFORE ORDERED** that Defendant's (1) Motion to Dismiss the Indictment of 18 U.S.C. § 922(g)(1) and Motion for Ineffective Assistance of Counsel [Doc. No. 40]; and (2) Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 41] are **DENIED**. A COA is also **DENIED**.

**IT IS SO ORDERED** this 13th day of June, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge